1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California  90010-2732
   (323) 938-3000; FAX No. (323) 937-9139
4  email: lat@gslaw.org

JS - 6

5  Attorneys for Plaintiffs, the Airconditioning
   and Refrigeration Industry Trust Funds
6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE           )   Case No. 2:10-cv-00877-JHN-PJWx
   AIRCONDITIONING AND                )
12 REFRIGERATION INDUSTRY HEALTH )
   AND WELFARE TRUST FUND; BOARD )       ORDER ON STIPULATION FOR
13 OF TRUSTEES OF THE                 )   JUDGMENT and JUDGMENT
   AIRCONDITIONING AND                )
14 REFRIGERATION INDUSTRY             )
   RETIREMENT TRUST FUND; and         )
15 BOARD OF TRUSTEES OF THE           )
   AIRCONDITIONING AND                )
16 REFRIGERATION INDUSTRY DEFINED)
   CONTRIBUTION RETIREMENT PLAN, )
17                                    )
                Plaintiffs,           )
18      vs.                           )
                                      )
19 INNOVATIVE AIR, INC., and          )
   KRISTOFER DANE SORENSEN, an        )
20 individual,                        )
                                      )
21                                    )
                Defendants.           )
22                                    )
                                      )
23 _____    )

24

25

26

27

28

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Airconditioning and Refrigeration Industry Health and Welfare Trust Fund ("Health Fund"), Board of Trustees of the Airconditioning and Refrigeration Industry Retirement Trust Fund ("Retirement Fund"), and Board of Trustees of the Airconditioning and Refrigeration Industry Defined Contribution Retirement Plan ("401(k) Plan") (collectively, the "Trust Funds"), and defendants, Kristofer Dane Sorenson, individual ("Individual Defendant"), and Innovative Air, Inc., ("the Company");

1. The Company and the Individual Defendant are indebted to the Plans in the amount of $36,079.56. Said amount is composed of contributions to the Plans in the amount of $10,445.35 for the delinquent work months of November 2009 ($4,495.12) and December 2009 ($5,950.23); liquidated damages in the amount of $6,182.77 for all work months through December 2009; interest in the amount of $179.74; a delinquency bond in the amount of $11,771.70, reimbursement of plaintiffs' reasonable fees in the amount of $7,000.00; and reimbursement of plaintiffs' recoverable costs of suit in the amount of $500.

2. Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendant, jointly and severally, in the amount of $36,079.56 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendant may satisfy the judgment by paying a total of $16,807.86 to the Plans. Specifically, the Company and Individual Defendant

shall pay delinquent contributions to the Plans in the amount of $10,445.35 for the delinquent work months of November 2009 ($4,495.12) and December 2009 ($5,950.23); liquidated damages in the amount of $6,182.77 for all work months through December 2009 and interest in the amount of $179.74, pursuant to the following payment plan: one installment in the amount of $1,500.00 on or by February 28, 2010, followed by eight installments of $1,789.87 each on or by the last day of each consecutive month beginning March 31, 2009, and continuing through October 31, 2010, with a final installment of $995.30 on or by November 30, 2010.  There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendant remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation.  All checks shall be made payable to "Airconditioning & Refrigeration Industry Joint Trust Funds," to be received in the offices of the Airconditioning & Refrigeration Industry Joint Trust Funds, attention Grace Lim,1380 S. Sanderson Ave., Suite 201, Anaheim, CA 92806.

    4.    In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of ten percent.

    5.    This Court may retain jurisdiction over this matter through December 2010, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive

and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7. This Stipulation does not limit the Plaintiffs' right to file additional court actions to collect any additional sums owed should the Plaintiffs discover further moneys owed to the Plans.

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: March 10, 2010      _____
                            Hon. Jacqueline H. Nguyen

3